## VAUGHN v. MELZER, d. b. a. MELZER'S GARAGE.

Common Pleas Court, Hamilton County.

No. A-121400. Decided October 26, 1951.

Thorndyke & Thorndyke, Cincinnati, for plaintiff.
Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for defendant.

## OPINION

By BADER, J.

This case comes before this court to be heard on the demurrer of the plaintiff to defendant's supplemental answer. In the supplemental answer defendant sets up the defense of estoppel and res adjudicata, and alleges that in cause No. 472703 of the Municipal Court of Cincinnati the defendant in this cause of action was the plaintiff and the plaintiff in this cause of action was the defendant and that a jury in that case returned a verdict of $653.13 for damages sustained to a wrecker automobile of this defendant. The judgment of the Municipal Court was affirmed by the Common Pleas Court and that judgment is final.

The defendant further alleges that the "same occurrences"

as are alleged in the petition in this case at bar were alleged in the Municipal Court case.

By demurring to the supplemental answer of the defendant, plaintiff admits the former litigation in the Municipal Court but denies that it is res adjudicata or that he is estopped from proceeding in this case. The plaintiff in this case seeks to recover $30,000.00 for personal injuries which arise out of the same set of facts and circumstances which were considered by the Municipal Court jury and which resulted in a verdict for the defendant in this case, who was the plaintiff in the Municipal Court case, in the amount of $653.13.

The plaintiff in this case claims that he has a right to proceed in this action by reason of the authority set forth in §1558-10 GC and that the judgment of the Municipal Court is not a defense to the present action.

**Sec. 1558-10 GC,** reads as follows:

"(Amount of judgment; remittitur.) When the amount due to either party exceeds the sum for which the municipal court is authorized to enter judgment, such party may remit the excess, and judgment be entered for the residue. A defendant need not remit such excess, and may withhold setting it out. A recovery for the amount set off and allowed, or any part of it, shall not be a bar to his subsequent action for the amount withheld."

The plaintiff in this case had the right as defendant in the Municipal Court case to elect not to assert his claim in that court "* * * and may optionally file a separate action in the tribunal having adequate jurisdiction * * *" (31 O. O., page 154, syl. 1). The defendant, in the above cited case, recovered a judgment against the plaintiff in the Municipal Court on an account in the sum of $215.64, which amount was later paid into court in satisfaction of the judgment. The defendant against whom the judgment was rendered brought an action in an entirely different matter than that of breach of contract and asked for $1700.00 as damages, which amount was in excess of the jurisdiction of the Municipal Court of Cincinnati. This he had a right to do under the facts of the case. He elected not to assert his claim in the Municipal Court, which right was given to him by reason of §1558-10 GC. (See above.)

If the defendant in the above cited case had elected to set up a counterclaim or setoff for $1700.00 he could have done so and if he had been successful in his setoff or counterclaim he could have received a judgment for the limit of the jurisdiction of the Municipal Court which would not have been a bar to a subsequent action. (**Oglesby Granite Quarries v. The Schott Monument Co.,** 4 O. O., page 289, syl. 3 and 4.)

In the case at bar the facts presented are the same as those presented in the Municipal Court, and it is clear that the rights of the parties based on the facts presented have been determined and established.

There can be no question that the Municipal Court had jurisdiction when Edwin G. Melzer sued Lowell Vaughn, plaintiff and defendant respectively, in the Municipal Court case.

There is nothing in this case to indicate that the plaintiff, Lowell Vaughn, did not have a fair trial in the Municipal Court. It is apparent, however, he did prosecute his appeal to the Common Pleas Court and that that judgment is final in the case in the Municipal Court.

In the case of **Hixson v. Ogg, 53 Oh St, page 361, syl. 1,** the court held:

"Where issue has been joined on a material fact in an action, and the issue judicially determined and carried into judgment by a court having jurisdiction of the action, the parties to such action are concluded by such finding until the judgment is reversed or set aside. And the fact thus established cannot be retried by the same parties in any subsequent action, whether the second action is upon the same or a different subject-matter from the first. In this respect it is immaterial that one of the actions may have been ex contractu and the other ex delicito."

The court, on page 368, said:

"And if, in such case, the common and material fact has been judicially ascertained in the action first tried, it should be regarded as established in respect of the other action, so long as the judgment remains in force."

In the case of Cromwell v. County of Sac, 94 U. S., page 351, last sentence of the 1st syl. it was held:

"* * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

Public policy demands that litigations shall not be interminable (53 **Oh St,** 369) and in the case at bar the facts presented have been determined by a jury in a previous case between the same parties and it would be a deprivation of defendant's rights if he were not permitted to set up as a defense the doctrine of estoppel or res adjudicata.

If the plaintiff in this case had been successful in the Municipal Court case in which he was the defendant he could have proceeded as he has now done in the case at bar and the defenses set up in the supplemental answer would

not have been available to the defendant. Accordingly the court is of the opinion that the demurrer of the plaintiff to defendant's supplemental answer is not well taken and the same should be overruled.